I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11/18/09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

NOV 18 2009

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RONALD EARL LEGARDY,

    Petitioner,

vs.

JAMES YATES, Warden,

    Respondent.

Case No. CV 09-8367-DDP (RNB)

ORDER TO SHOW CAUSE

On November 12, 2009, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein. It appears from the face of the Petition and accompanying attachments that it is directed to the same 1991 judgment of conviction following petitioner's nolo contendere plea in Los Angeles County Superior Court Case No. A-979074 as the prior habeas petition filed by petitioner in this Court on May 7, 2008 in Case No. CV 08-2979-DDP (RNB). On September 9, 2009, Judgment was entered in Case No. CV 08-2979-DDP (RNB) dismissing the Petition without prejudice on account of petitioner's failure to exhaust state remedies.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of

California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[1] 28 U.S.C. § 2244(d) provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

Here, it appears from the face of the Petition that petitioner failed to appeal from the judgment of conviction. Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of Court, former Rule 31(a). Where the judgment of conviction was entered upon a guilty or nolo plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Rules of Court, former Rule 31(d); see also Cal. Penal Code § 1275. Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was in March 1991, when petitioner's time to file an intended notice of appeal expired.

Since petitioner's judgment of conviction thus became final before the enactment of the AEDPA, if measured from the date on which the judgment of conviction became final,[2] petitioner's last day to file his federal habeas petition was April 24, 1997, unless a basis for tolling the statute existed. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No such basis appears to exist here. The only

---

[2] From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(C) because the claims alleged in the Petition are based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of his claims as of the date he was convicted and sentenced pursuant to his nolo plea. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

collateral challenge listed in the Petition is a California Supreme Court habeas petition that was filed on September 8, 2009. Petitioner would not be entitled to any statutory tolling for that state habeas petition, since it was not filed until after petitioner's federal filing deadline already had long lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

The Court also notes that even if petitioner had a basis for contending that the prior habeas petition filed by petitioner in this Court on May 7, 2008 in Case No. CV 08-2979-DDP (RNB) was not untimely, petitioner would not be entitled to any statutory tolling for the pendency of that petition. See Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). Thus, the one-year limitation period would have lapsed during the pendency of petitioner's prior federal habeas petition in any event.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **December 31, 2009**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury

stating facts showing (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (2006), cert. denied, 127 S. Ct. 1880 (2007); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

DATED: November 17, 2009

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE